UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

                Plaintiff,

v.                                                           Case No. 24-cv-1445-pp

NICHOLAS SANCHEZ, *et al.*,

                Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 2)

---

      Plaintiff Cornell Smith, who is incarcerated at Waupun Correctional Institution and is representing himself, filed a complaint under 42 U.S.C. §1983 alleging that his civil rights were violated. Dkt. No. 1. He also seeks leave to proceed without prepaying the filing fee (*in forma pauperis*). Dkt. No. 2.

      The Prison Litigation Reform Act applies to this case because the plaintiff was incarcerated when he filed his complaint. 28 U.S.C. §1915. That law allows a court to give an incarcerated plaintiff the opportunity to proceed with his lawsuit without prepaying the full case filing fee, if he meets certain conditions. One of those conditions is a requirement that the plaintiff pay an initial partial filing fee. 28 U.S.C. §1915(b). Once the plaintiff pays the initial partial filing fee, the court may allow the plaintiff to pay the balance of the filing fee over time, through deductions from his institutional trust account. Id.

      That said, if an incarcerated plaintiff previously has filed more than three complaints or appeals that were dismissed as frivolous or malicious or for

failure to state a claim upon which relief can be granted, the law requires the plaintiff to prepay the entire $405 filing fee unless he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). This provision of the law is commonly known as the "three-strikes" provision; an incarcerated plaintiff is said to have "struck out" once he has accrued three dismissals under this rule.

The plaintiff has struck out. Court records show that the plaintiff has accumulated at least three strikes. See Smith v. Winning, Case No. 93-cv-1009-tte, Dkt. Nos. 11, 22 (E.D. Wis. July 5, 1994) (dismissed for failure to state a claim); Smith v. Huibregtse, Case No. 00-cv-1117-pjg, Dkt. No. 14 (E.D. Wis. June 6, 2001) (dismissed as frivolous); Smith v. Erickson, Case No. 13-cv-600, Dkt. Nos. 6, 29 (W.D. Wis. Aug. 16, 2016) (dismissed for failure to state a claim).

The plaintiff may proceed without prepaying the full filing fee only if he can establish that he is in imminent danger of serious physical injury. 28 U.S.C. §1915(g). The Seventh Circuit Court of Appeals has cautioned district courts that in deciding whether a plaintiff has made this showing, they must not evaluate the seriousness of a plaintiff's claims. Ciarpaglini v. Saini, 352 F.3d 328, 330 (7th Cir. 2002). However, "it has never been the rule that courts must blindly accept a prisoner's allegations of imminent danger." Taylor v. Watkins, 623 F.3d 483, 485 (7th Cir. 2010). Courts routinely deny requests to proceed without prepaying the full filing fee when the imminent danger allegations are "conclusory or ridiculous" or where they concern only past injuries. Id. (quoting Ciarpaglini, 352 F.3d at 330–31) (explaining that "the

2

Case 2:24-cv-01445-PP   Filed 11/27/24   Page 2 of 5   Document 4

harm must be imminent or occurring at the time the complaint is filed"). In short, "[t]he 'imminent danger' exception to §1915(g)'s 'three strikes' rule is available 'for genuine emergencies,' where 'time is pressing' and 'a threat . . . is real and proximate.'" Heimermann v. Litscher, 337 F.3d 781, 782 (7th Cir. 2003) (quoting Lewis v. Sullivan, 279 F.3d 526, 531 (7th Cir. 2002)).

The complaint alleges that sometime between 2005 and 2013, the wardens of three Wisconsin correctional institutions "had a meeting of the minds" and agreed to silence the plaintiff from filing grievances or lawsuits. Dkt. No. 1 at ¶¶1, 3. The plaintiff alleges that over the next several years, numerous prison officials harassed him, belittled him, issued him false conduct reports, denied him medication and otherwise mistreated him. Id. at ¶¶4–28. The complaint alleges that "in 1990 thur 2025 [sic]," the warden at Waupun "was finally forced to admitted that they have been poisioning [sic] incarcerated Persons' including the Plaintiff's [sic] for decades with contaminated water." Id. at ¶29.[1]

The plaintiff says he filed a lawsuit about these concerns, which was assigned to Judge Griesbach in the Eastern District of Wisconsin. Id. at ¶30. He claims that Judge Griesbach "committed Judicial Misconducts when screening the Plaintiff's pleadings" and "used badlaws [sic]" to justify dismissing his case. Id. The complaint alleges that from 2021 through 2022,

---

[1] Most or all these allegations appear to have been the basis for the plaintiff's most recent previous lawsuit in this district. See Case No. 21-cv-242-wcg, Dkt. No. 124 at 2 (describing the plaintiff's claims as involving "an incident that occurred years ago and an undefined conspiracy amongst three different wardens that allegedly spans multiple decades").

while the plaintiff was litigating his case before Judge Griesbach, attorneys for the State of Wisconsin conspired against the plaintiff to obfuscate his case and prevent him from prosecuting it. Id. at ¶¶31–32. The plaintiff claims that as he was attempting to appeal his dismissed case, prison officials (and Judge Griesbach) harassed him, retaliated against him, tampered with his mail and issued him false conduct reports to prohibit him from appealing. Id. at ¶¶32–33. The plaintiff claims that the defendants violated his rights under the First, Fifth, Eighth, and Fourteenth Amendments. Id.

The plaintiff's complaint does not allege that he is in imminent danger of serious physical injury. His allegations involve alleged past harm that began as early as 1990 and allegedly spanned decades, including during his litigation of a previous lawsuit before Judge Griesbach (whom he also names as a defendant in this complaint). As the court explained above, allegations of past harm do not satisfy the exception in §1915(g). See Ciarpaglini, 352 F.3d at 330–31. Even if the allegations involved ongoing harm, the plaintiff alleges that prison officials harassed him, tampered with his mail, charged him with false conduct reports and other misconduct. None of his allegations suggest that he is in imminent danger of serious *physical* injury, which is what he must prove to be allowed proceed without prepaying the filing fee under 28 U.S.C. §1915(g).

The complaint does not allege that the plaintiff is in imminent danger of serious physical injury. The plaintiff seeks monetary redress for numerous instances of alleged past mistreatment, including from a district judge and

attorneys for the State. These allegations do not satisfy the exception in §1915(g). The court will deny the plaintiff's motion to proceed without prepayment of the filing fee. Dkt. No. 2. If the plaintiff wishes to proceed in this case, he must prepay the full filing fee.

The court **ORDERS** that the plaintiff's motion to proceed without prepayment of the filing fee is **DENIED**. Dkt. No. 2.

The court further orders that the plaintiff must prepay the $405 filing fee by the end of the day on **December 31, 2024**. If the court does not receive the full filing fee by the December 31, 2024 deadline, the court will dismiss this case without prejudice and without further notice to the plaintiff.

Dated in Milwaukee, Wisconsin this 27th day of November, 2024.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**

5

Case 2:24-cv-01445-PP    Filed 11/27/24    Page 5 of 5    Document 4