UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

                Plaintiff,

v.                                        Case No. 24-cv-1445-pp

NICHOLAS SANCHEZ, *et al.*,

                Defendants.

---

**ORDER DENYING PLAINTIFF'S SECOND MOTION FOR LEAVE TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO 6), DENYING PLAINTIFF'S MOTION FOR CONTEMPT (DKT. NO. 9), DENYING PLAINTIFF'S MOTION FOR EXTENSION OF TIME (DKT. NO. 10) AND DISMISSING CASE FOR FAILURE TO PAY FILING FEE**

---

On November 27, 2024, the court issued an order denying plaintiff Cornell Smith's motion for leave to proceed without prepaying the filing fee because he has accumulated three strikes and the complaint did not allege that he is in imminent danger of serious physical injury. Dkt. No. 4. The court ordered that if the plaintiff wanted to proceed with this lawsuit, he must pay the full $405 filing fee by December 31, 2024. Id. at 5. The court advised the plaintiff that if it did not receive the full $405 filing fee by that deadline, the court would dismiss the case without prejudice and without further notice. Id.

The December 31, 2024 deadline has passed, and the plaintiff has not paid the $405 filing fee. The court *did* receive from the plaintiff a second motion to proceed without prepaying the filing fee (Dkt. No. 6) and motions for contempt of court (Dkt. No. 9) and an extension of time to submit a declaration in support of his motion for contempt of court (Dkt. No. 10). The plaintiff did not request

additional time to pay the $405 filing fee. The court also received from the plaintiff several letters about alleged issues with the law library and other concerns. Dkt. Nos. 11-15.

In his second motion for leave to proceed without prepaying the filing fee, the plaintiff alleges that he can't access his release account to comply with the court's order to pay the filing fee in full. Dkt. No. 6 at 1. His motion for contempt of court sheds more light on this argument. In that motion, the plaintiff appears to assert that some of the defendants refused to allow him to use his release account to pay the $405 filing fee. Dkt. No. 9 at 3. He also says, however, that some of the defendants "illegally taken and depriving him of his trust funds from his trust funds accounts without authorization," interfering with his access to the court. Id. at 7, 9-10. He asks the court to swear out an arrest warrant for the defendants and to either detain them until they comply with the court's order or sanction them $2,500. Id. at 11.

The term "prisoner's account" used in 28 U.S.C. §1915 "encompasses both [the incarcerated person's] release account and his general account." Spence v. McCaughtry, 46 F. Supp. 2d 861, 862 (E.D. Wis. 1999). The release account "is a restricted account maintained by the Wisconsin Department of Corrections to be used upon the [incarcerated person's] release from custody upon completion of his sentence." Wilson v. Anderson, Case No. 14-cv-798, 2014 WL 3671878, at *3 (E.D. Wis. July 23, 2014) (citing Wis. Admin. Code §DOC 309.466). Courts in this district have permitted incarcerated persons to use their release accounts to pay the *initial partial* filing fee. *E.g.* Doty v. Doyle,

182 F. Supp. 2d 750, 751 (E.D. Wis. 2002); Spence, 46 F. Supp. 2d at 862–63. But absent unusual circumstances, this court has no authority to order (or allow) an incarcerated plaintiff to "tap into his release account to pay current (or future) litigation costs." McCalla v. Thompson, Case No. 18-cv-1895-jps, 2019 WL 3220551, at *2 (E.D. Wis. July 17, 2019) (citing Wilson, 2014 WL 3671878, at *3); see also Collins v. State of Wis., Case No. 20-cv-521-pp, 2020 WL 6361860, at *2 (E.D. Wis. Oct. 29, 2020) ("Although courts often will allow plaintiffs to pay the *initial partial filing fee* with funds from their release account, they generally do not allow plaintiffs to deplete their release accounts by paying the full filing fee from that account.").

There is no statutory authorization for the plaintiff to pay the full $405 filing fee from his release account. As the name suggests, the purpose of that account is to provide funds for his release. That intended purpose is reason not to permit him to use the release account to pay the full filing fee. See Collins, 2020 WL 6361860, at *2 (citing Smith v. Huibregtse, 151 F. Supp. 2d 1040, 1042 (E.D. Wis. 2001)). The plaintiff has not identified unusual circumstances that would warrant the court to allow him to pay the $405 filing fee from his release account. Nor does he say whether he even has sufficient funds in his release account to pay that fee.

Allowing the plaintiff to pay the full filing fee from his release account also would undermine the Prison Litigation Reform Act (PLRA). As Judge Griesbach noted in the plaintiff's previous case,

> allowing a prisoner to pay his full filing fee out of funds from his release account would defeat the purpose of the PLRA's requirement

> that prisoners filing lawsuits pay the full filing fee over time or, when § 1915(g) applies, pay the entire filing fee upfront. The legislative history of the PLRA shows that Congress intended "to reduce frivolous prisoner litigation by making all prisoners seeking to bring lawsuits or appeals feel the deterrent effect created by liability for filing fees." *Leonard v. Lacy*, 88 F.3d 181, 185 (2d Cir. 1996). This intent would be severely undermined by allowing prisoners to pay the full filing fee using funds to which they lack access in any event.

Case No. 21-cv-242-wcg, Dkt. No. 129 at 2. Given the intent of the PLRA, and the lack of statutory authorization to grant the plaintiff's request, the court will deny the plaintiff's motion for contempt of court and will not order any defendant to allow him to pay the $405 filing fee from his release account. Dkt. No. 9.

Because the court will not require the defendants to allow the plaintiff to pay the full filing fee from his release account, the court will deny the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court will deny the plaintiff's motion for an extension of time to submit a declaration in support of his motion for contempt of court because the court is denying his motion for contempt of court and because the plaintiff filed his declaration before the December 31, 2024 deadline. Dkt. No. 13.

Because the plaintiff has not paid the $405 filing fee and the deadline for doing so has passed, the court will enforce its previous order and dismiss the complaint without prejudice.

The court **DENIES** the plaintiff's second motion for leave to proceed without prepaying the filing fee. Dkt. No. 6.

The court **DENIES** the plaintiff's motion for contempt of court. Dkt. No. 9.

The court **DENIES** the plaintiff's motion an extension of time to submit a declaration in support of his motion for contempt of court. Dkt. No. 10.

The court **ORDERS** that the plaintiff's complaint is **DISMISSED WITHOUT PREJUDICE** for failure to pay the $405 filing fee. The clerk will enter judgment accordingly.

The court **ORDERS** that in accordance with 28 U.S.C. §1915(b)(1), the plaintiff is required to pay the full $405 filing fee. The agency that has custody of the plaintiff shall collect from his institution trust account the **$405** filing fee by collecting monthly payments from the plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the plaintiff's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. §1915(b)(2). The agency shall clearly identify the payments by the case name and number. If the plaintiff transfers to another county, state or federal institution, the transferring institution shall forward a copy of this order, along with the plaintiff's remaining balance, to the receiving institution.

The court will send a copy of this order to the Warden at Waupun Correctional Institution, where the plaintiff is incarcerated.

Dated at Milwaukee, Wisconsin this 9th day of January, 2025.

                                                  **BY THE COURT:**

                                                  **HON. PAMELA PEPPER**
                                                  **Chief United States District Judge**