UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

CORNELL SMITH,

      Plaintiff,

v.              Case No. 24-cv-1445-pp

NICHOLAS SANCHEZ, *et al.*,

      Defendants.

---

### ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (DKT. NO. 18)

---

On January 9, 2025, the court dismissed this case because the court did not receive the $405 filing fee from plaintiff Cornell Smith by the December 31, 2024 deadline. Dkt. No. 16. The court entered judgment and closed this case. Dkt. No. 17.

Over five months later, on June 16, 2025, the court received the plaintiff's motion for reconsideration and relief from the judgment under Federal Rule of Civil Procedure 60(b)(2). Dkt. No. 18. The plaintiff asserts that prison officials have tampered with his institutional trust account in violation of his rights under the First and Fourteenth Amendments. Id. at 1–3. He frames the court's previous order requiring *him* to pay the $405 filing fee as an order that was "issued to the following Defendants' [sic] to be collected," and he lists four prison officials who he says were responsible for taking the money from his account to pay the fee. Id. at 3. The plaintiff alleges that these officials complied with the court's order to pay the $405 fee only after the court

1

dismissed the case for failure to pay the fee. Id. He says that this "prejudicial misconducts" violated his "fundamental rights." Id. at 3. He asserts that the officials acted in retaliation against him for exercising his right to access the courts. Id. at 3–4. The plaintiff cites "Exhibits-2" in support of his allegations, but there are no exhibits attached to his motion. Id. at 3.

The plaintiff says that he "has standing to challenge the §1915(g) under the fundamental liberty interest Constitutional rights involving the unlawful takening [sic] and deprivation of the Plaintiff's or Petitioner's moneys' [sic] from his trust funds account without authorization." Id. at 4. He asserts that §1915(g) deprives him of his right to access the courts. Id. The plaintiff says that he raised "new discovered evidence" after the court dismissed his case about "ongoing criminal activity that had physically[,] emotionally, and psychologically affected him." Id. at 5. He reiterates that prison officials "illegally tooked [sic] and deprived him of all of his money from his trust funds account without authorization." Id. at 6. He says this new evidence could satisfy the exception in §1915(g) and would show that he has been deprived of his rights under the Fifth and Fourteenth Amendments. Id. at 5–6.

Federal Rule of Civil Procedure 60(b) allows the court to relieve a party from a final judgment, order or proceeding for several reasons. The plaintiff relies on Rule 60(b)(2), which allows the court to grant relief from the judgment if the plaintiff provides "newly discovered evidence that could not have been obtained at the time of the original litigation [and] may show that the judgment was erroneous." Bell v. Eastman Kodak Co., 214 F.3d 798, 801 (7th Cir. 2000)

(citing Fed. R. Civ. P. 60(b)(2)). Relief under any subsection of Rule 60(b) "is an extraordinary remedy granted only in exceptional circumstances." Rodriguez v. Plymouth Ambulance Serv., Case No. 06-C-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)).

The plaintiff's motion for reconsideration is difficult to follow. The court reads his motion to assert that prison officials have tampered with his trust account and/or taken funds from his account without authorization in a way that prohibited him from proceeding in this case and violated his rights. The plaintiff misreads the court's November 27, 2024 order requiring the *plaintiff* to pay the $405 filing fee as an order directing *prison officials* to send the court that money. The plaintiff raised a similar claim in a motion for contempt that he filed in lieu of paying the $405 filing fee and which the court addressed in the order dismissing this case. See Dkt. No. 16 at 2–4 (citing Dkt. No. 9). The court denied that motion and explained that the plaintiff could not pay the $405 filing fee out of the funds in his release account. Id. The plaintiff also raised the same or similar arguments in another case he recently filed before this court. See Smith v. Sanchez, *et al.*, Case No. 25-cv-855, Dkt. No. 14 at 6–7 (discussing plaintiff's allegations related to tampering in this case).

The plaintiff's allegations about his trust account do not entitle him to relief from the judgment in this case. The court determined in the previous order that the plaintiff had accumulated three strikes and that he had not

asserted that he is in imminent danger of serious physical injury. Dkt. No. 4. Nothing in the plaintiff's motion for relief from the judgment suggests that these conclusions were erroneous. The plaintiff's claim that prison officials have caused him emotional or psychological harm would not allow him to proceed because it relates only to past harm and does not relate to imminent *physical* harm. See Dkt. No. 4 at 4 (citing Ciarpaglini v. Saini, 352 F.3d 328, 330–31 (7th Cir. 2002)). The plaintiff also has not identified "newly discovered evidence" warranting relief from judgment. He merely reiterates his *allegations* about staff tampering with his trust account that he first brought up in his motion for contempt of court (Dkt. No. 9). As the court recounted above, the court addressed and rejected that claim in the previous order. The plaintiff has not provided new *evidence* supporting his allegations and did not attach any exhibits to his motion that proves what he says happened. Nor has the court received the full $405 fee that the plaintiff says prison officials sent from his account after the court dismissed his case. His trust account statements in this case and in Case No. 25-cv-855 show that he does not have the money in his regular account to pay the $405 fee and has not had it since he filed this case in November 2024.

The plaintiff asserts a challenge to §1915(g) under his "fundamental liberty interest." He also raised this argument in his other case. See Case No. 25-cv-855, Dkt. No. 14 at 7 (citing Dkt. No. 1 at 13). As in that case, the plaintiff has not provided any facts or evidence supporting his "challenge" to the validity of §1915(g). And as the court told him in Case No. 25-cv-855, "the

Seventh Circuit Court of Appeals has held that the three-strikes provision of §1915(g) is constitutional." Id. (citing Lewis v. Sullivan, 279 F.3d 526 (7th Cir. 2002)). Even if the plaintiff had raised a viable challenge to §1915(g), the plaintiff waived this argument in this case by not raising it until his motion for reconsideration. See RCBA Nutraceuticals, LLC v. ProAmpac Holdings, Inc., 108 F.4th 997, 1005 (7th Cir. 2024) (citing Baker v. Lindgren, 856 F.3d 498, 503 (7th Cir. 2017); and In re Outboard Marine Corp., 386 F.3d 824, 828 (7th Cir. 2004)).

The plaintiff has not demonstrated that the judgment was erroneous or that he is entitled to relief from the judgment. The court will deny his motion.

The court **DENIES** the plaintiff's motion for reconsideration and for relief from the judgment. Dkt. No. 18.

Dated at Milwaukee, Wisconsin this 26th day of August, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**