UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

CORNELL SMITH,

        Plaintiff,

v.                                                    Case No. 24-cv-1445-pp

NICHOLAS SANCHEZ, *et al.*,

        Defendants.

**ORDER DENYING PLAINTIFF'S MOTION OF OBJECTION (DKT. NO. 20)**

On August 26, 2025, the court denied plaintiff Cornell Smith's motion for reconsideration and relief from the judgment. Dkt. No. 19. The court explained that the plaintiff's allegations "that prison officials have tampered with his trust account and/or taken funds from his account without authorization" did not entitle him to relief from the judgment. Id. at 3. The plaintiff's motion did not provide any reason to believe that the court incorrectly determined "that the plaintiff had accumulated three strikes and that he had not asserted that he is in imminent danger of serious physical injury." Id. at 3–4. Nor did the plaintiff's motion "identif[y] 'newly discovered evidence' warranting relief from judgment." Id. at 4. Instead, the plaintiff reiterated "his *allegations* about staff tampering with his trust account that he first brought up in his motion for contempt of court (Dkt. No. 9). Id. In addition, the court rejected the plaintiff's challenge to 28 U.S.C. §1915(g), which he had also raised in another case before this court. Id. at 4–5 (citing Case No. 25-cv-855-pp, Dkt. No. 14 at 7).

1

On September 2, 2025, only one week after the court entered the previous order, the court received the plaintiff's "notice of, motion and motion of objection." Dkt. No. 20. The plaintiff says that the court incorrectly construed his previous motion as challenging the constitutionality of §1915(g). Id. at 1. He says that he "merely contended that he possessed a constitutional-protected 'Liberties' rights that will give the district court jurisdiction over his civil rights complaint allowing his case to proced [sic] forwarded without the required to pay court cost and fi[ ]ling fees." Id. The plaintiff also says that the court misinterpreted his statements about his trust account. Id. He attempts to clarify that prison officials have not "tampered with" his trust account, as the court stated in the previous order; rather, they "have illegally taken all his moneys' fr[o]m his general trust funds account" to keep him from paying his fee to proceed in this case. Id. He claims that officials also have falsified his trust account statements to make it appear that he is in debt and cannot pay his fees. Id. The plaintiff says that the court is deliberately misreading his arguments and refusing to inquire into "the defendants misconduct" because he named another district judge as a defendant. Id. at 2. The plaintiff asks the court to grant his motion and allow him to appeal to the Seventh Circuit Court of Appeals. Id. at 3.

The Federal Rules of Civil Procedure do not contemplate a "motion of objection," and the plaintiff has not identified any authority for his motion. The court will construe this motion as a successive motion for relief from judgment under Rule 60(b) because the plaintiff filed it more than twenty-eight days after

entry of the judgment. See Banks v. Chi. Bd. of Educ., 750 F.3d 663, 666 (7th Cir. 2014). As the court explained in the previous order, Fed. R. Civ. P. 60(b) states that the court may relieve a party from a final judgment, order or proceeding for several reasons, including mistake, newly discovered evidence, fraud, or "any other reason that justifies relief." Fed. R. Civ. P. 60(b)(1)–(3) & (6). Relief under Rule 60(b) "is an extraordinary remedy granted only in exceptional circumstances." Rodriguez v. Plymouth Ambulance Serv., Case No. 06-C-1091, 2007 WL 9730284, at *1 (E.D. Wis. Jan. 8, 2007) (citing Harrington v. City of Chicago, 433 F.3d 542, 546 (7th Cir. 2006), and Karraker v. Rent-A-Center, Inc., 411 F.3d 831, 837 (7th Cir. 2005)). Perhaps most important, "[a] Rule 60(b) motion is not a substitute for appeal." Stoller v. Pure Fishing Inc., 528 F.3d 478, 480 (7th Cir. 2008).

The plaintiff has not provided any grounds for relief under Rule 60(b). The plaintiff insists that the court misunderstood his challenge to §1915(g), and that he did not wish to challenge its constitutionality. He says that he has a protected right that allows the court to review his case without him paying court costs or fees. But there is no such right, and the plaintiff cites nothing in support of this statement. As the court has told the plaintiff several times, he *cannot* proceed in this case without paying the full $405 filing fee because he has accumulated three strikes under §1915(g) and has not shown that he is in imminent danger of serious physical harm. The plaintiff offers nothing to suggest that that conclusion is erroneous. His assertion that he has some other constitutional or liberty right to proceed despite his three strikes is incorrect,

and the court will not allow him to proceed without paying the full filing fee as §1915(g) requires.

The plaintiff states that the court misconstrued his assertion about prison officials taking his money to prevent him from proceeding in this case. But the court did not misinterpret this argument. The court recognized the plaintiff's concern that officials "'illegally tooked [*sic*] and deprived him of all of his money from his trust funds account without authorization.'" Dkt. No. 19 at 2 (quoting Dkt. No. 18 at 6). The court recounted that it already had rejected the plaintiff's claim about his trust account in this case and in Case No. 25-cv-855. Id. at 3. The plaintiff still has not provided any *evidence* showing that prison officials have taken money from his trust account or falsified documents showing that he has no money to pay the filing fee. His allegations and speculation are not enough to entitle him to relief from the judgment, no matter how he describes this claim. See Censke v. United States, 314 F.R.D. 609, 611 (N.D. Ill. 2016) (noting that relief under Rule 60(b) cannot be granted "based on hypothesis and speculation").

Finally, the court understands that the plaintiff is concerned that the court has ruled on his case in a certain way because he has named another district judge as a named defendant. But the court's ruling is not based on the named defendants, but on the information in the plaintiff's complaint and motions. The court did not make this decision based on the fact that Judge Griesbach is a defendant; it made the decision because the plaintiff's complaint "does not allege that he is in imminent danger of serious physical injury." Dkt.

4

Case 2:24-cv-01445-PP   Filed 09/09/25   Page 4 of 6   Document 21

No. 4 at 4. The court dismissed this case because the plaintiff did not pay the $405 filing fee by the December 31, 2024 deadline. Dkt. No. 16 at 4. The plaintiff has not asked that this court recuse itself from further decisions in this case, nor has he requested that another judge decide his pending motion. Even if he had, the court would deny his request. The fact that this court has ruled against him in previous orders in this case and other cases is not a basis for recusal. See Khor Chin Lim v. Courtcall Inc., 683 F.3d 378, 380 (7th Cir. 2012) (citing Liteky v. United States, 510 U.S. 540 (1994) ("Adverse decisions do not establish bias or even hint at bias."). Nor is the plaintiff's unsupported, subjective belief that the court has ruled a certain way because another judge is a defendant a valid reason for the court to recuse itself from this case. See In re Stoller, 374 B.R. 618, 622 (Bankr. N.D. Ill. 2007) (quoting In re Martinez–Catala, 129 F.3d 213, 220 (1st Cir. 1997)) (recusal not required "when the claim is based on 'unsupported, irrational or highly tenuous speculation'"). The proper avenue for the plaintiff to contest the court's conclusions is to appeal the judgment or this ruling. To do so, he must file a notice of appeal. He also must pay the full $605 appellate filing fee because, as the court has explained in previous orders and again in this order, he has accumulated at least three strikes and has not shown that he is in imminent danger of serious physical injury. See 28 U.S.C. §1915(g).

The court will deny the plaintiff's motion of objection. This is the plaintiff's second post-judgment motion that the court has denied. His assertions have been largely the same and without merit. The plaintiff has

presented no evidence or valid reason for the court to grant him relief from the judgment. The court will deny any further post-judgment motions summarily and without a full order.

The court **DENIES** the plaintiff's motion of objection. Dkt. No. 20.

Dated at Milwaukee, Wisconsin this 9th day of September, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**